## WHITNEY *v.* HIGGINS.

A decree for the sale of premises in a suit to enforce a mechanic's lien, has the same and no greater effect upon the rights of purchasers and incumbrancers, *prior* to the commencement of the suit, than a similar decree would have upon the foreclosure of a mortgage. If such purchasers or incumbrancers are not made parties, they are not bound by the decree or the proceedings thereunder.

All persons interested in the premises, *prior* to the suit brought to foreclose a mortgage or to enforce a mechanic's lien, whether purchasers, heirs, devisees, remainder-men, reversioners, or incumbrancers, must be made parties, otherwise their rights will not be affected.

Persons who acquire interests by conveyance or incumbrance *after* suit brought, need not be made parties.

The right to redeem, under the statute, from a sale on execution, exists in some instances where there is no equity, and in other instances in connection with the equitable right. Parties to the suit in which the judgment is rendered, under which the sale is made, are restricted to the six months given by statute. Parties acquiring interests, pending suits to enforce previously existing liens, or after judgment docketed or sale made, have no equity, and are confined to the rights given by the statute; but parties obtaining interests, subsequent to the plaintiff, and before suit brought, who are not made parties in such suit, possess the equitable and the statutory right. They may redeem, under the statute, or they may file their bill in equity.

Where a mechanic's lien attached on certain premises January 18th, 1856, and a mortgage was placed on the same premises February 21st, 1856, and a suit was brought, subsequent to the execution and record of the mortgage, to enforce the mechanic's lien, in which suit the mortgagees were not made parties, and under the decree rendered in such suit, a sale was made, and after the expiration of six months, no redemption being had, a deed was executed to the assignee of the sheriff's certificate: *Held,* that the right of the mortgagees to redeem the premises, by paying off the incumbrance of the mechanic's lien, was not affected by the decree and the proceedings thereunder; and that the purchaser of the premises upon a decree of foreclosure of the mortgage, having received his deed upon such purchase, was entitled to the same right to redeem.

The liens, which, by the Act of April 19th, 1856, entitled "An Act for securing Liens to Mechanics and Others," are required to be exhibited and proved, upon publication of notice in some newspaper of the county, or be deemed waived, are liens arising under that act, and do not apply to other liens.

APPEAL from the District Court of the Eleventh Judicial District, County of Placer.

Bill to redeem. The facts of the case are as follows: On the 21st of February, 1856, one George H. Stephens was indebted to the plaintiff, George O. Whitney, and his partner George Whitney, in the sum of $1668, for which Stephens gave to them his three promissory notes, each for $556, payable in two, four, and six months; and, to secure the payment of said notes, at the same time executed to them a mortgage upon certain premises owned by him, situated in Placer county, which mortgage was on the same day duly recorded in the office of the recorder of the county. The notes not being paid, the mortgagees brought suit and foreclosed the mortgage, and obtained the usual decree for the sale of the mortgaged premises, under which the premises were sold December 6th, 1856, and at such sale the plaintiff became the pur-

chaser, and received the sheriff's certificate of sale; and June 27th, 1857, no redemption having been made, obtained the sheriff's deed of the premises.

On the eighteenth day of January, 1856, a mechanic's lien, for the sum of sixty-five dollars, was placed by one Avery upon the same premises; and after the above-named mortgage was executed and recorded, the said Avery instituted suit to enforce his mechanic's lien, and obtained the usual decree for the sale of the premises, under which the premises were sold June 15, 1857, and at such sale he became the purchaser for $141, and received a certificate of sale from the sheriff. On the sixteenth of September, 1857, said Avery assigned the certificate of sale, and all his interest therein, and right to a deed thereunder, to the defendant; and December 30, 1857, no redemption having been made, the sheriff executed a deed of the premises to the defendant. In the suit to enforce the mechanic's lien, the mortgagees were not made parties, nor did they appear in the action. After the defendant had received his deed from the sheriff, the plaintiff tendered to him (the defendant) the amount of his purchase-money, with interest, for the purpose of redeeming the premises from the sale, and the incumbrance of the mechanic's lien. The defendant refused to accept the money tendered, and denied the plaintiff's right to redeem. The plaintiff then filed his bill to redeem. To the bill the defendant demurred—the demurrer was sustained, and from the judgment rendered thereon, the plaintiff appealed.

*Hale, Tuttle, and Hillyer,* for Appellant.
No brief on file.

*Crocker and Myers* for Respondent.

I. The Mechanics' Lien Law provides that in a suit to enforce a mechanic's lien, the Court shall cause a notice to be published, "notifying all persons holding or claiming liens on said premises to be and appear in said Court on a day to be specified therein, and to exhibit then and there the proof of said liens. On the day appointed, the Court shall proceed to hear and determine the said claims in a summary way, or may refer the same to a referee, to ascertain and report upon said liens, and the amount justly due thereon; and all liens not so exhibited and proved, shall be deemed to be waived in favor of those which are so exhibited." Wood's Digest, § 7, pp. 538, 539.

The section then proceeds, and authorizes the Court to " cause said premises to be sold in satisfaction of said liens and the costs of suit," and if the proceeds of such sale shall not be sufficient to satisfy the whole of such liens, then to apportion the same.

This statute is clear and specific, and it applies to " all persons holding or claiming liens on the premises." It is not confined to

all persons holding or claiming liens under the Mechanics' Lien Law, but all liens generally. And the object of the statute is clear. It is that all liens by mechanics, by mortgage, judgment, or otherwise, shall be exhibited in the case, and the rights of all finally determined in one suit, and thus prevent litigation, and give a clear title to the purchaser at the sale under the decree of the Court—an important matter in sales of real estate, and a result which a Court will always accomplish, if in its power.

The statute clearly confers the power upon the Court to finally adjudicate all liens, without regard to their character, and sell the property for the satisfaction of the liens, and divide the proceeds among the parties properly entitled to them.

And to make the title of the purchaser still more secure, it declares that " all liens not so exhibited and proved, shall be deemed waived," thus effectually putting an end to litigation respecting the property.

Like insolvent cases, the object of the Lien Law is to throw the property, or its proceeds, into one fund, for the benefit of all holders. Whitney might have appeared in the action to enforce the lien, exhibited and proved his lien, under this statute, and that, too, under the published notice, without any special application to the Court, and received his proportion of the proceeds of the property ? If he could, he was a party to the action, in a legal sense, though not specifically named. If he neglected or refused to exercise this right, he waived his lien.

In the Insolvent Law, the term "creditors" is used, and it was held to include all creditors, whether named or not. Here, the terms are " all persons holding or claiming liens." A mortgage is a lien, and is, therefore, clearly included in the terms, and, as we have shown, within the spirit of the act.

If our views of this statute are correct, then it follows, that as against the mechanic's lien and the sale under it, Whitney's lien, under his mortgage, was waived. It was as though it had never existed, and, of course, he had no right of redemption under it.

II. But conceding that this view is not correct, then we say Whitney is confined to the statutory redemption under the law regulating sales on execution.

This law provides that property sold subject to redemption, may be redeemed by " a creditor having a lien by judgment or mortgage on the property sold, or on some share or part thereof, subsequent to that on which the property was sold." Practice Act, § 230.

This law gives subsequent lien-holders, by judgment or mortgage, which includes the plaintiff, a right to redeem the sale within six months, and we contend that if he does not redeem within that time, his rights—his lien—are gone.

Without this statute of redemption, a sale under an older

judgment destroyed all prior liens.  1 Cowen, 510 ; 1 Denio, 633 ;
5 Cal. Rep., 401.

In England, as well as New York, where it has been held that
subsequent mortgagees are not bound by a decree of foreclosure,
unless made parties, there is no statute authorizing such subse-
quent mortgagees to redeem after the sale.  But it seems to me
to be the evident intent of the Legislature to give them this six
months to redeem, and upon failure to do so, their rights are
concluded.  Otherwise, this statute would be unmeaning, for if
such subsequent mortgagees have the right of redemption, inde-
pendent of the statute, then it is not limited by the six months,
but may be exercised in as many years, and they are not bound
to pay the eighteen per cent. required by the Statute of Redemp-
tion.  Their rights are greater if they neglect or refuse to com-
ply with the statute.  It seems clear to us that it was the design
of the Legislature to limit this right of redemption in subsequent
mortgagees, and impose terms upon them in redeeming, and not
leave a judicial sale open to unlimited redemption.

If Whitney had no actual notice of the suit to enforce the
mechanic's lien, then he had six months after the rendition of .
the decree to come in and interpose any defence, or set up any
right he might have, under the sixty-eighth section of the Prac-
tice Act, and having failed to do so, his rights are barred, except
so far as he has a right to apply in equity to set aside the decree
for fraud, etc.  Carpentier v. Hart, 5 Cal., 406.

A mechanic is not bound to file his lien against one who was
not the owner when the building was commenced, but became
so before the lien was filed.  Jones v. Shawhan, 4 Watts and
Serg., 257.

FIELD, J., delivered the opinion of the Court—TERRY, C. J.,
and BALDWIN, J., concurring.

The plaintiff purchased the premises at a sale upon a decree
rendered in a suit to foreclose a mortgage executed on the 21st
of February, 1856.  The defendant claims under a purchase at a
sale made upon a decree rendered in a suit to enforce a mechan-
ic's lien which attached on the 18th of January, 1856.  The prop-
erty was not redeemed from either sale, and the sheriff executed
a deed to the plaintiff June 27th, 1857, and to the defendant on
the 30th of December following.  The plaintiff was one of the
mortgagees, and neither he nor his co-mortgagee was made a
party to the suit to enforce the mechanic's lien ; and the present
bill is filed to redeem the premises from the sale under the de-
cree rendered in that suit.  The defendant demurred to the bill,
the demurrer was sustained, and from the judgment rendered
thereon, the plaintiff appeals.

The conveyance to the plaintiff took effect, by relation, at the
date of the mortgage, the 21st of February, 1856.  By it the

plaintiff acquired all the estate which the mortgagor possessed in the property on that day. He, therefore, stands in precisely the same position as though he had purchased the property of the mortgagor at that time; and the question is thus presented—and it is the only question in the case—whether a subsequent purchaser possesses, after the expiration of the six months allowed by statute, a right to redeem property sold to enforce a mechanic's lien, upon a decree rendered in a suit to which he was not made a party.

The suit to enforce the mechanic's lien was instituted, and the decree rendered therein, before the execution of the deed to the plaintiff, though not until after the sale to him, and the defendant contends that the lien of the mortgage was waived by a failure of the mortgagees to present it in that suit. To this it may be answered : *first*, that the liens which must be presented under the seventh section of the Mechanics' Lien Law of 1856, are those arising under that act; and, *second*, if this were otherwise, that the act was passed on the 19th of April, 1856, and its provisions do not apply to or affect any previously acquired liens. (Laws of 1856, chap. 134, §§ 7, 11.)

The plaintiff's claim to the relief he seeks rests upon the general principle that the rights of a person can not be affected by a suit to which he is a stranger. By the judgment in a suit, parties and privies are alone bound. The estate of Stephens had passed from him by the proceedings under the foreclosure, and as, had it continued, his rights could not have been cut off without his day in Court, so neither can the rights of the plaintiff, his successor, be thus defeated.

Though the lien of mechanics is purely the creature of the statute, a decree for the sale of the premises in its enforcement has the same and no greater effect upon the rights of purchasers and incumbrancers, prior to the commencement of suit, than a similar decree would have upon the foreclosure of a mortgage. If such purchasers or incumbrancers are not made parties, they are, in no respect, bound by the decree or proceedings thereunder. A mortgage, in this State, is only a lien or incumbrance ; the estate in the land remains in the mortgagor, and all persons interested in the estate at the time the suit is instituted to enforce the mortgage, whether purchasers, heirs, devisees, remainder-men, reversioners, or incumbrancers, should be made parties, or their rights will not be affected. The same is true as to suits to enforce a mechanic's lien. " The mortgagee," says Kent, " must make all incumbrancers, prior and junior, existing at the filing of the bill, parties; " and the reason he assigns for the rule is, " to give security and stability to the purchaser's title, for he takes a title only as against the parties to the suit; and it can not and ought not to be set up against the existing equity of those incumbrancers who are not parties." (4 Kent, 185.) In

Haines v. Beach, (3 Johns. Ch., 459,) a prior mortgagee had fore-closed his mortgage without making a subsequent mortgagee and subsequent judgment-creditors, parties; and, upon a bill filed by the executors and heir of the deceased junior mortgagee, the plaintiffs were held entitled to redeem. "It was the duty of Gardner, (the first mortgagee,)" says Kent, "to have made the younger mortgagee a party to his bill; and all incumbrancers existing at the commencement of the suit, are entitled to be par-ties, for they have an interest to be affected, and ought to have an opportunity of paying off the prior incumbrances. The in-justice that would be produced if they were to lose their rights, because they are not made parties, is very apparent. The rule, therefore, has been well settled and uniformly supported, that the subsequent incumbrancers must be parties, and if omitted, the decree will not bind their rights." And again: "The neces-sity of making the subsequent incumbrancers parties, or holding their rights unimpaired, appears to be much stronger, and indis-pensable to justice, in cases of decrees for sales, according to our practice; for otherwise the mortgagor would take the surplus-money, or the cash value of the equity of redemption, and defeat entirely the lien of the subsequent creditor. But their rights can not be destroyed in this way, and the purchaser will take only a title *as against the parties to the suit*, and he can not set it up against the subsisting equity of those incumbrancers who are not parties." (Godfrey v. Chadwell, 2 Vernon, 601; Bishop of Winchester v. Beavor, 3 Vesey, 314; Hobart v. Abbot, 2 P. Wms., 643; Watson v. Spence, 20 Wend., 260; Lyon v. Sandford, 5 Conn., 554; Cooper v. Martin, 1 Dana, 25; Rogers v. Jones, 1 McCord, 221; Story's Equity, § 1023; Williamson v. Field's Ex-ecutors and Devisees, 2 Sand. Ch., 533.)

But as to persons who acquire interests by conveyance or in-cumbrance after suit brought, it is not necessary to make them parties. They are bound by the decree. The rule is thus stated in Story's Equity Pleadings (§ 194,): "But incumbrancers, who become such *pendente lite*, are not deemed necessary parties, al-though they are bound by the decree; for they can claim nothing except what belonged to the person under whom they assert title, since they purchase with constructive notice; and there would be no end to suits, if a mortgagor might, by new incumbrances, created *pendente lite*, require all such incumbran-cers to be made parties." In Bishop of Winchester v. Beavor, (3 Vesey, 314,) the Master of the Rolls observed that a judg-ment confessed after a bill filed, would not do. And in Cook v. Mancius, (5 Johns. Ch., 94,) Kent held that a person becoming an incumbrancer *pendente lite*, was not entitled to redeem unless under special circumstances. "If the plaintiff," observes the Chancellor, "had been a judgment-creditor *at the commencement of the suit* to foreclose the mortgage, the mortgagee would have

been bound to have made him a party, or else the decree and sale would not have taken away his right to redeem, even as against Mancius, the purchaser. This principle was discussed, and sufficiently explained, in the case of Haines *v.* Beach, (3 Johns. Ch., 459,) and in the authorities there referred to. But the present plaintiff became an incumbrancer *pendente lite,* and, therefore, according to the doctrine in the case of The Bishop of Winchester *v.* Paine, (11 Vesey, 194,) it was not necessary that he should have been made a party, and he has no right to redeem."

This consideration of the proper parties to a suit of foreclosure, and the effect of the decree upon the rights of persons interested in the mortgaged estate, clearly establishes the title of the plaintiff to redeem. The principles which govern as to parties in those suits, apply equally to suits for the enforcement of a mechanic's lien. The mortgage under which the plaintiff claims was placed upon the premises before suit was brought; the mortgagees, as subsequent incumbrancers, were necessary parties to the suit; not being made such parties, they were not bound by the decree or sale under it; the plaintiff, by his purchase, took the title as it existed in the mortgagor, at the date of the mortgage; his position in Court, therefore, is that of the owner of the legal title, subject to the mechanic's lien. The defendant, as assignee of the purchaser under the decree upon that lien, is substituted to the rights of its original holder, and is entitled to the amount due upon that lien to the extent of the money paid upon the purchase.

The case of Lyon *v.* Sanford (5 Conn., 544) is in point, and is in fact much stronger than the case at bar. In that case, the equity of redemption had been attached by a creditor of the mortgagor, and it was held that a decree of foreclosure on a bill brought subsequent to the service of the attachment, did not affect the rights of the attaching-creditor, he. not having been made a party to the suit, and that having afterwards recovered judgment and levied his execution upon the premises, he was entitled to redeem on paying the prior incumbrances, notwithstanding the decree of foreclosure against the mortgagor. "It is objected," says the Court, "that if creditors attaching the interest of the mortgagor *before* the commencement of the process for foreclosure, are necessary parties, creditors who attach *afterwards* must also be made parties; and that a mortgagee never be able to make all persons parties who might, between the filing of the bill and the final decree, acquire a lien upon the premises. But such conclusion will not follow from the principle which is adopted by this decision."

"It is a general rule, applicable to chancery proceedings, that all persons interested in the subject-matter of the suit at the time of bringing the bill, shall be made parties in the cause ; and should the death of any defendant happen during the pendency of a suit,

whereby the interest of such defendant devolves upon others not already parties, such persons must also be made parties. But when a defendant to a bill in chancery, after the commencement of a suit, attempts to alienate or convey the subject-matter of such suit by voluntary contract, the purchaser, it is believed, need not be made a party to the bill; but his interest, acquired *pendente lite,* will be bound by the event of the suit, which was properly commenced. And so, in respect to *creditors* who attach property mortgaged, during the pendency of a petition to foreclose; the *lien* which they acquire is by their own voluntary act subsequent to the commencement of the suit, and they will be bound by the decree, though not parties. They must necessarily abide by the fate of the mortgagor, whose estate they have attempted to acquire."

If an incumbrancer, prior to suit brought, not being made a party, is entitled to redeem, *a fortiori* is a purchaser of the entire estate subsequent to the lien, and before suit, entitled to make a redemption.

The counsel of the respondent appears to have confounded the equity of redemption with the right to redeem from a sale on execution under the statute. The statutory right, in some instances, exists where there is no equity, and in other instances, in connection with the equitable right. Parties to the suit in which the judgment is rendered, under which the sale is made, are restricted to the six months given by statute, for they have had their day in Court, and their rights after decree depend entirely upon the statute. Parties acquiring interests, pending suits to enforce previously existing liens, taking their interests in subordination to any decree which may be rendered, have no equity and are confined to the rights given by the statute, and so, as a consequence, are those whose interests are acquired after judgment docketed or sale made; but parties obtaining interests subsequent to the plaintiff, and before suit brought, who are not made parties to such suit, possess both the equitable and the statutory right. They may redeem, under the statute, or they may file their bill in equity.

The plaintiff is within this last class. He occupies, as we have already observed, by his purchase, the same position as the mortgagor, and possesses the legal title, subject, only, to the previous incumbrance of the mechanic's lien. As the mortgagees were not made parties to the suit to enforce that lien, he is entitled, like them, to come into a Court of Equity to redeem the premises.

It follows, that the Court below erred in sustaining the demurrer, and the judgment rendered for the defendant thereon must be reversed, and the cause remanded for further proceedings.

Ordered accordingly.