[L. A. No. 6400.   Department One.—October 28, 1920.]

CLARA M. ANDERSON, Respondent, v. N. P. ALEX-
ANDER et al., Defendants; JAMES SHULTZ et al.,
Defendants and Appellants.

[1] MORTGAGE—FORECLOSURE—PARTIES—JUDGMENT.—In an action for
the foreclosure of a mortgage a judgment against the real party
in interest, who is before the court, is binding upon one not a
party to the action who holds merely the naked title as trustee
for such real party in interest.

APPEAL from a judgment of the Superior Court of Los
Angeles County.   John M. York, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Donald Barker, James M. O'Brien and Wm. H. Neblett for
Appellants.

John B. Nichols and George L. Sanders for Respondent.

At the close of the argument Olney, J., delivered the
opinion of the court, Shaw, J., and Lawlor, J., concurring.

The facts in this matter are that the owner of certain
property gave a mortgage upon it to the plaintiff and re-
spondent.   Subsequent to the execution of the mortgage and
subject to it, the owner of the property executed three trust
deeds to a person other than the plaintiff, securing certain
notes.   Subsequent to the execution of the trust deeds certain
mechanics' liens were imposed upon the property, one or more
of which were owned by a corporation known as the James
Shultz Lumber Company.   The James Shultz Lumber Com-
pany thereafter purchased the notes secured by the trust
deeds and proceeded to have the property sold under the
power of sale contained in the deeds and at the sale purchased
the property, but took title in the name of N. P. Alexander,
the appealing defendant in the present action.   Thereafter the
James Shultz Lumber Company brought suit to foreclose the
mechanics' liens and made the plaintiff in this action a party
defendant, whereupon the plaintiff filed a cross-complaint seek-
ing to foreclose her mortgage.   She failed, however, to make
Alexander a cross-defendant.   Judgment was rendered upon

the plaintiff's cross-complaint foreclosing her mortgage and directing a sale of the property as against the defendant James Shultz Lumber Company, and the property was sold and purchased by the plaintiff for the amount of her mortgage. After the time for redemption had expired without redemption, the plaintiff brought the present action, seeking to quiet her title against Alexander. He asserts an interest on the ground that the title which he acquired by the sale under the trust deeds was not foreclosed by the sale under the foreclosure judgment against the Shultz company. Judgment went for the plaintiff in the trial court.

The finding of the trial court is explicit to the point that Alexander had no beneficial interest whatever in the property, but was acting throughout simply for the James Shultz Lumber Company.

[1] Under these circumstances it is well settled that the judgment of foreclosure against the James Shultz Lumber Company, the real party in interest, is binding upon Alexander, who held merely the naked title as trustee for it. The real party in interest was before the court. The finding mentioned is not attacked and it is the crux of the present action and is decisive.

Judgment affirmed.