[L. A. No. 15492. In Bank.—June 23, 1937.]

CLARA C. FIELD et al., Respondents, v. DEN M. ACRES et al., Defendants; ORANGE COUNTY TITLE COMPANY, Appellant.

Rutan, Mize & Kroese for Appellant.

V. Betty Doheney for Respondents.

THE COURT.—By this appeal Orange County Title Company seeks the reversal of that portion of a decree of foreclosure and order of sale denying the allowance to it of attorney's fees. The action was brought under the provisions of section 725a of the Code of Civil Procedure, to foreclose a deed of trust in which the title company was named as trustee.

The respondents are the beneficiaries of the deed of trust. They named, among others, as defendants in the action the trustor and the title company. All of the defendants defaulted or disclaimed with the exception of the title company. It filed an answer by which it either admitted or denied on information and belief all of the allegations of the complaint except that it asserted an interest in the property as trustee under the deed of trust and demanded the allowance of attorney's fees in a reasonable amount. Thereafter the respondents filed an amendment to their complaint by which they abandoned any claim against the title company for a money judgment. In a cross-complaint the title company alleged the execution and delivery of the note and the deed of trust, and the failure of the trustor to pay the note. It also alleged that the action affects the security of the deed of trust and its rights thereunder. The only judgment de-

manded was for attorney's fees to be deducted by the sheriff from the proceeds of the sale prior to the payment of any amount to the respondents.

The appellant bases its right to appear in the action and be allowed attorney's fees therefor on a provision of the deed of trust reading as follows: "Should Trustor fail or refuse to make any payment or do any act, which he is obligated hereunder to make or do at the time and in the manner herein provided, then Trustee and/or Beneficiary, each in his sole discretion, may, without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof . . . commence, appear in or defend any action or proceeding affecting or purporting to affect the security of this Deed of Trust, the interests of Beneficiary or the rights, powers and duties of Trustee hereunder, whether brought by or against Trustor, Trustee or Beneficiary; . . . provided, that neither Trustee nor Beneficiary shall be under any obligation to make any of the payments or do any of the acts above mentioned, but, upon election of either or both so to do, employment of any attorney is authorized and payment of such attorney's fees is hereby secured." It is contended that the foreclosure suit affects the interest of the beneficiary and the rights, powers and duties of the trustee within the meaning of this provision, and it was, therefore, the duty as well as the right of the trustee to appear and defend the action. The appellant points out that the respondents by their complaint improperly claimed attorney's fees which as a result of its appearance and negotiations with the respondents were disallowed. This is said to have benefited the trust estate and is relied upon as a sufficient basis for the recovery of attorney's fees by the trustee. No other reason or excuse for its appearance in the action is shown.

Section 725a, *supra,* gives to the beneficiary under a deed of trust the right to maintain an action for foreclosure if he chooses to proceed under its provisions rather than by requiring that the trustee sell the property. This is an alternative remedy. (*Lincoln* v. *Superior Court,* 2 Cal. (2d) 127 [39 Pac. (2d) 405].) But the provision of the deed of trust concerning actions which the trustee may defend at the expense of the trustor cannot reasonably be interpreted to include one for foreclosure. The respondents as the bene-

ficiaries of the deed of trust here sued upon were entitled to prosecute their action without interference from the trustee.

"A trustee under a deed of trust does not assume the important obligations which are in some instances cast upon a trustee by operation of law. An ordinary trust deed is little more than a mortgage with power to convey . . . Some authorities hold that he is not a trustee at all in a technical sense." (*Ainsa* v. *Mercantile Trust Co.*, 174 Cal. 504, 510 [163 Pac. 898, 900].) He has no right to complain if the beneficiary takes advantage of a statute allowing a judicial foreclosure of the deed of trust and he may not appear in such an action at the expense of the trustor.

The case of the *Title Guarantee & Trust Co.* v. *Griset*, 189 Cal. 382 [208 Pac. 673], which is relied upon by the appellant, is not in point. There the trustee sought to recover attorney's fees and costs incurred in appearing in an action brought to register under the Torrens Title Act the property conveyed by the deed of trust to it. A registration proceeding is one in which the owner of any interest in the property has a right to be protected against a possible adverse claimant. Such a case presents an entirely different situation than the one shown here.

The judgment is affirmed.