[Civ. No. 15752. Third Dist. Mar. 30, 1977.]

RAYMOND HARRIS et al., Plaintiffs and Respondents, v.
EDOUARD J. CAVASSO, Defendant and Appellant.

**COUNSEL**

Stephen Engelhardt for Defendant and Appellant.

John P. Baker for Plaintiffs and Respondents.

## Opinion

JANES, J.—Defendant Edouard Cavasso appeals from an order denying his motion to set aside his default and a default judgment which was thereafter entered against him.

Plaintiffs filed an action against defendant Cavasso and two of his allegedly alter ego corporations for breach of a construction contract and for fraud; both compensatory and punitive damages were sought. Thereafter, based upon an affidavit by plaintiffs' attorney, an order was made for publication of summons upon defendant Cavasso. In due time defendant's default was entered and, after an uncontested hearing, judgment was entered in plaintiffs' favor and against defendant in the amount of $21,500 as compensatory damages and $10,000 in punitive damages, together with costs. Eight months after entry of judgment, defendant moved to vacate the default and to set aside the judgment. The motion was denied.

The sole issue on this appeal is the sufficiency of the affidavit for the order for publication of the summons.

Defendant contends here, as he did in the trial court, that "[t]he meager statements in the [affidavit of plaintiffs' counsel] were totally insufficient to confer upon the trial court jurisdiction to determine whether there existed the necessary due diligence in attempting to determine defendant's whereabouts." Secondly, he contends that verification by plaintiffs' counsel of the complaint does not satisfy the statutory requirement that it be shown by affidavit that a cause of action exists against the party to be served by publication.

Code of Civil Procedure section 415.50 provides the statutory basis for defendant's attack. The relevant subdivision provides as follows: "(a) A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that: (1) A cause of action exists against the party upon whom service is to be made or he is a necessary or proper party to the action; ... "

The affidavit filed herein, claimed by defendant to be hearsay and conclusionary, avers that the affiant, plaintiffs' attorney, contacted defendant's former business associate, and also defendant's wife, both of

whom informed affiant that they did not know of defendant's whereabouts, but believed he had left the state. The affidavit further recited that of his own knowledge affiant knew that defendant Cavasso was insolvent when he left Modoc County several months earlier, and that several creditors had unsuccessfully tried to locate him.

Notwithstanding the attention given by the parties to the adequacy of plaintiffs' showing of due diligence, we need not decide the adequacy of the affidavit upon which the order for publication was predicated insofar as defendant attacks the showing of reasonable diligence upon its hearsay and conclusionary nature. We conclude that plaintiffs failed to comply with that portion of the statute which requires that the affidavit demonstrate to the satisfaction of the court that a cause of action exists against the party upon whom service is to be made. Here the affidavit filed by plaintiffs' attorney is devoid of any facts from which the trial court could draw the conclusion that a cause of action existed against defendants. (See *Forbes* v. *Hyde* (1866) 31 Cal. 342, 353-356.)

■ Contrary to plaintiffs' assertion, the verification of the complaint by plaintiffs' counsel on his information and belief is no substitute for the sworn statement of facts which section 415.50 requires of the affiant. Prior to the 1969 revision of the statutory scheme governing service of process, the position taken by plaintiffs would have been correct. The predecessor statute (former Code Civ. Proc., § 412) expressly allowed the showing of a cause of action to be made *either* by separate affidavit or by the *verified* complaint itself. In 1969, however, upon enactment of section 415.50, the latter alternative was omitted, and the new section on its face permits such showing to be made only by affidavit. Upon such legislative action there arises a presumption that a substantial change in the law was intended. (See *Ruiz* v. *Industrial Acc. Com.* (1955) 45 Cal.2d 409, 413 [289 P.2d 229]; *Wallace* v. *Department of Motor Vehicles* (1970) 12 Cal.App.3d 356, 361 [90 Cal.Rptr. 657].)

For the purpose of service by publication, the existence of a cause of action is a jurisdictional fact. (*Columbia Screw Co.* v. *Warner Lock Co.* (1903) 138 Cal. 445, 448 [71 P. 498]; *Forbes* v. *Hyde, supra,* 31 Cal. at p. 353.) "An affidavit in proper form . . . is a jurisdictional basis of the order for publication: '[T]here must be an affidavit containing a statement of some fact which would be legal evidence, having some appreciable tendency to make the jurisdictional fact appear, for the Judge to act upon before he has any jurisdiction to make the order. ■ Unless the affidavit contains some such evidence tending to

establish every material jurisdictional fact, the Judge has no legal authority to be satisfied, and, if he makes the order, he acts without jurisdiction, and all proceedings based upon it are void. [Citations.]' " (2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 639, pp. 1431-1432.)

The order denying defendant's motion to set aside his default and the default judgment is reversed.

Puglia, P. J., and Friedman, J., concurred.