OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

| | | |
|---|---|---|
| OPINION | : | No. 90-506 |
| of | : | |
| | : | OCTOBER 4, 1990 |
| JOHN K. VAN DE KAMP | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

THE HONORABLE DALE M. HANSON, CHIEF EXECUTIVE OFFICER, CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM, has requested an opinion on the following question:

Must the recording of an assignment to the Public Employees' Retirement System (PERS) of the beneficial interest in a deed of trust pursuant to the PERS Member Home Loan Program be accompanied by a certificate or resolution of acceptance as specified in section 27281 of the Government Code?

THE HONORABLE DEVON L. WORKMAN, COUNTY COUNSEL, COUNTY OF GLENN, has requested an opinion on the following question:

Must the recording of the State Department of Housing and Community Development's (HCD) interest as beneficiary of a deed of trust issued pursuant to a loan made by HCD for the development of low and moderate income housing be accompanied by a certificate or resolution of acceptance as specified in section 27281 of the Government Code?

CONCLUSIONS

1. The recording of an assignment to the Public Employees' Retirement System (PERS) of the beneficial interest in a deed of trust pursuant to the PERS Member Home Loan Program must be accompanied by a certificate or resolution of acceptance as specified in section 27281 of the Government Code.

2. The recording of the State Department of Housing and Community Development's (HCD) interest as beneficiary of a deed of trust executed pursuant to a loan made by HCD for the development of low and moderate income housing must be accompanied by a certificate or resolution of acceptance as specified in section 27281 of the Government Code.

1.                                                                                          90-506

ANALYSIS

The duties of the County Recorder with respect to the recordation of instruments, papers and notices are set forth in section 27201 et seq. of the Government Code. Our focus in this opinion is on section 27281 of the Government Code, which provides as germane to our inquiry:

"Deeds or grants conveying any interest in or easement upon real estate to a political corporation or governmental agency for public purposes shall not be accepted for recordation without the consent of the grantee evidenced by its certificate or resolution of acceptance attached to or printed on the deed or grant. . . ."[1]

The requirements of section 27281 of the Government Code involve five elements:

1.  any deed or grant;

2.  conveying any interest in real estate;

3.  to a political corporation or governmental agency;

4.  for public purposes;

5.  must be accompanied by a certificate or resolution of acceptance of the grantee.

This request for our opinion questions the applicability of the requirement of the certificate or resolution of acceptance to certain interests in deeds of trusts of two state agencies, that is the Public Employees' Retirement System (PERS) and the Department of Housing and Community Development (HCD).

1.      The Public Employees' Retirement System (PERS)

With respect to PERS we are asked whether the recording of an assignment to PERS of the beneficial interest in a deed of trust pursuant to the PERS Member Home Loan Program[2] must be accompanied by a certificate or resolution of acceptance to be eligible for recordation as specified in section 27281 of the Government Code.

---

[1]Section 27281 of the Government Code additionally sets forth the form for a "Certificate of Acceptance" where used and provides also that "[a] political corporation or governmental agency, by a general resolution, may authorize one or more officers or agents to accept and consent to such deeds or grants."

[2]Section 20215 of the Government Code provides:

"Notwithstanding any other provision of law, the [PERS] board may establish a program utilizing the retirement fund to assist system members and annuitants, through financing, to obtain homes in this state. . . ."

See also California Code of Regulations, title 2, section 561 et seq.

We are advised that the assignment occurs as follows. To implement the Member Home Loan Program (MHLP) PERS contracts with various financial institutions which receive loan applications from PERS members, process the applications, and approve the home loans pursuant to certain underwriting criteria. With respect to approved loans, the member as the borrower executes a deed of trust as trustor, naming the lending institution as both trustee and beneficiary under the deed of trust. PERS thereafter purchases the loan from the financial institution as a secondary market transaction. The financial institution in turn assigns its beneficial interest in the deed of trust to PERS, thus making PERS the beneficiary under the deed of trust.

With respect to the requirements of section 27281 of the Government Code, outlined above, we conclude all elements are present to require a certificate or resolution of acceptance in order to record the assignment of the trustee's interest in the deed of trust to PERS.

First of all, such assignment would be a "grant." "A transfer in writing is called a grant, or conveyance, or bill of sale. . . ." (Civ. Code, § 1053; see also, generally, *White* v. *Rosenthal* (1934) 140 Cal.App.184, 186; *Faire* v. *Daley* (1892) 93 Cal. 664, 666-667.)

Secondly, a transfer of the beneficiary's interest in a deed of trust would be a conveyance of an interest in real estate. (See *Estate of Dodge* (1971) 6 Cal.3d 311, 319; *Estate of Moore* (1955) 135 Cal.App.2d 122, 131.) As stated in the latter case: "And a trust deed definitely does represent an interest in the land, for the title is in the trustee for the benefit of the creditor." Likewise, it appears clear that the interest of a beneficiary under a deed of trust is an interest in land. In *Monterey S.P. Partnership* v. *W. L. Bangham, Inc.* (1989) 49 Cal.3d 454, where the court held that the beneficiary of a deed of trust was not bound by a suit to foreclose a mechanics lien, because not served in the action, the court stated (at pp. 459-460):

> "It has long been established in this state that <u>all persons with an interest in the subject real property at the time suit is brought to enforce a mechanic's lien on that property must be made parties to the suit.</u> If they are not made parties, `they are, in no respect, bound by the decree or proceedings thereunder.' (*Whitney* v. *Higgins* (1858) 10 Cal. 547, 551.) As the Court of Appeal recognized, that principle endures to this day. (See, e.g., *Frank Pisano & Associates* v. *Taggart* (1972) 29 Cal.App.3d 1, 22-23.)
>
> Although *Whitney, supra*, 10 Cal. 547, involved the effect of a mechanic's lien foreclosure on the rights of a mortgagee, <u>the holding applies equally to a beneficiary under a deed of trust</u>. As we explained in describing `the anomalous nature of deeds of trust in this state' (*Bank of Italy etc. Assn.* v. *Bentley* (1933) 217 Cal. 644, 657), `deeds of trust, except for the passage of title for the purpose of the trust, are practically and substantially only mortgages with a power of sale . . . .' (*Ibid*.) In practical effect, if not in legal parlance, a deed of trust is a lien on the property." (Emphasis added.)

Thus, the court described the beneficiary under a trust deed as a person with an interest in real estate who has essentially a lien on the property.

Thirdly, the assignment of the beneficiary's interest in the deed of trust is to PERS, a "governmental agency," thus satisfying the third requirement of section 27281 of the Government Code.

This leaves only the fourth requirement, that is, whether the assignment is made to PERS for "public purposes."

Our research has disclosed no cases or opinions of this office which have defined the term "public purposes" as used in section 27281. With respect to opinions of this office, we have concluded that sections 1158 of the Civil Code, the statutory predecessor to section 27281, was applicable to deeds to the State Highway Commission for rights of way (Ops.Cal.Atty.Gen. No. 4699 (1923) and to a conveyance of land to the state for park purposes (Ops.Cal.Atty.Gen. No. 6642 (1929)). There would seem to be little debate, however, that a conveyance of land for physical <u>use</u> by the public would be for a "public purpose." As to case law, the only case our research disclosed also discussed section 1158 of the Civil Code.[3] That case is *Muchenberger* v. *City of Santa Monica* (1929) 206 Cal. 635. In that case the court held that a court of equity would not require the Santa Monica Land Company to convey to the City of Santa Monica certain lands for beach access under a certain tidelands trust. In its discussion the court alluded to section 1158 of the Civil Code. The court stated at pages 646-647:

"... Courts of equity may, and sometimes do, interfere and enjoin the action of a municipal corporation acting or proposing to act in excess of jurisdiction and without authority. It has no authority to interfere with the legislative or governmental acts within the scope of the city's authority. (*Glide* v. *Superior Court*, 147 Cal.21, 24.) The contention of the city is that the matter of acceptance of property is within the legislative discretion of the city council. <u>Beyond the suggestion that ownership of the strips of land and the groynes might conceivably carry burdens which would militate against the acceptance of a deed thereto</u>, counsel for the city requests that the court `will not call for reasons for the unwillingness of the city to accept' the conveyance in this instance. We are as little concerned about such reasons as we are about the reasons for the land company's anxiety to have the city accept the property. The attitude of the parties clearly indicates that matters of policy and public concern may enter largely into this phase of the controversy.

"The Civil Code provides (sec. 1158) that deeds, or grants conveying real estate, or any interest therein, or easement thereon, for public purposes to a political corporation or governmental agency, shall not be accepted for recordation without the consent of the grantee, evidenced by its resolution of acceptance attached to such deed or grant. We question the power of the court to force the city council, in which the legislative power of the City of Santa Monica is vested by its charter, to pass any such resolution of acceptance. The acceptance of the strips of land and the groynes, and their subsequent maintenance by the city, are unquestionably powers of the municipality. (See *Harbor Center Land Co*. v. *Council of Richmond*, 38 Cal.App. 315.)

---

[3]We note that *People* v. *Rio Nido Co. Inc.* (1938) 29 Cal.App.2d 486, contained in the annotations to West's Annotated Codes under section 27281 of the Government Code did not involve section 27281.

That case merely concluded that there had been no dedication of land to the state for park purposes as claimed by the state. It also set forth the general rules of dedication to the effect that there must be both a clear offer of and acceptance of a dedication by the government to make such effective.

Accordingly, though cited to us as somehow "interpreting" section 27281 of the Government Code, it in no way aids us herein.

"We are of the view that, as to the conveyance directed to be made, a case for the intervention of the strong arm of equity was not made out." (Emphasis added.).

Accordingly, this case alludes to at least one possible reason for the requirement of section 27281 of the Government Code as to the certificate or resolution of acceptance, that is, to assure that someone does not convey property to a public agency which carries burdens which the public agency does not wish to accept.

However, the foregoing case law and opinions of this office still do not contain a definition of "public purposes" as used in section 27281 of the Government Code. Accordingly, we must revert to and rely upon rules of statutory construction.

"If a statute's language is clear, then the Legislature is presumed to have meant what it said, and the plain meaning of the statute governs. . . ." (*Kizer* v. *Hanna* (1989) 48 Cal.3d 1, 8.) "In interpreting the meaning of a statute we begin, as we must, with the language used. Under familiar rules of construction, words in a statute must be given the meaning they bear in ordinary usage. . . ." (*Title Ins. & Trust Co.* v. *County of Riverside* (1989) 48 Cal.3d 84, 91.)

Thus, in resolving whether the fourth requirement in the application of section 27281 of the Government Code is present herein, we determine not whether section 27281 encompasses certain deeds or grants of an interest in real estate to a governmental agency, but not others, but whether the assignment of the trustee's beneficial interest under the deed of trust to PERS is for "public purposes."

It has been suggested that such an assignment is for "private purposes." The rationale for such suggestion is that only the PERS member whose home is financed is benefited under the loan transaction for which the deed of trust is security; and that, accordingly, no public benefit ensues.

In our view, such an approach is too narrow as to what is encompassed within the term "public purposes." Clearly, the state retirement system serves a "public purpose" (Cf. *Gorman* v. *Cranston* (1966) 64 Cal.2d 441, 444 [allowances to surviving spouse of judges]; 12 Ops.Cal.Atty.Gen. 42, 43 (1948); Gov. Code § 20001.) An integral part of the retirement system is the investment of retirement system funds. (Gov. Code, §§ 20200-20216.5) One form of investment is that provided for in section 20215, the Members Home Loan Program. Thus, although such loans serve the private benefit of members, they also serve the public purpose of providing income to the retirement fund. And perhaps more importantly the deeds of trust executed pursuant to such loans serve the public purpose of seeing that the loans are repaid.

As stated by the court in a somewhat different context with respect to public purposes versus private purposes:

"In determining whether an appropriation of public money is to be considered a gift within the constitutional prohibition [against the gift of public funds], the primary question is whether the funds are to be used for a public or a private purpose. If the money is for a public purpose, the appropriation is not a gift even though private persons are benefited by the expenditure. [*County of San Diego* v. *Hammond*, 6 Cal. (2d) 709 [use of county funds to pay delinquent assessments on over-burdened property]; *City of Oakland* v. *Garrison*, 194 Cal. 298 [street improvements]; *Allied Architects' Assn.* v. *Payne*, 192 Cal. 431 [erection of memorial hall for war veterans]; *Veterans' Welfare Board* v. *Riley*, 188 Cal. 607 [transportation, tuition and living expenses for education of veterans]; *MacMillan*

*Co.* v. *Clarke,* 184 Cal. 491 [free school text books; *Patrick* v. *Riley* 209 Cal. 350 [payments for destruction of diseased cattle]; *Sacramento & San Joaquin Drainage Dist.* v. *Riley,* 199 Cal. 668 [flood control]; *San Francisco* v. *Collins,* 216 Cal. 187 [bond issue for relief of indigent sick and poor]; *The Housing Authority of Los Angeles* v. *Dockweiler,* 14 Cal. (2d) 437 [slum clearance]; *Goodall* v. *Brite,* 11 Cal.App. (2d) 540 [free treatment in county hospital only for those unable to pay]; and see notes in 9 Cal. L. Rev. 431, 18 Cal. L. Rev. 697.)" (*County of Los Angeles* v. *La Fuente* (1942) 20 Cal.2d 870, 876-877; see also, e.g., *City of Los Angeles* v. *Superior Court* (1959) 51 Cal.2d 423, 433-434 [conveyance of Chavez Ravine Property to the then Brooklyn Dodgers].)

In our view, we have an analogous situation. The trust deed represents part of a transaction (the loan) which serves a public purpose, although private persons are benefited by the loan. As such, the fourth requirement of section 27281, *supra*, is present in the PERS transaction at issue herein. Accordingly, the county recorder cannot record the assignment of the trustee's beneficial interest in the deed of trust unless a certificate or resolution of acceptance by PERS accompanies the assignment.

## 2. The Department of Housing and Community Development (HCD)

The second question presented is whether the section 27281 requirement of a certificate or resolution of acceptance is applicable to the State Department of Housing and Community Development's (HCD) interest as the beneficiary of a deed of trust executed pursuant to a loan made by HCD for the development of low and moderate income housing. (See e.g., Health & Saf. Code, § 50515 et seq. [rural predevelopment loans].) As with PERS, we examine HCD's transaction to determine if the requirements of section 27281 are present.

The trust deed itself would designate HCD as the beneficiary under the deed of trust. The trust deed would be a "deed or grant" within the meaning of section 27281.

As to the second requirement that there be an "interest in real estate," it appears clear that the interest of a beneficiary under a deed of trust is such an interest. See *Monterey S.P. Partnership* v. *W. L. Bangham, Inc. supra*, 49 Cal.3d 454 discussed at length with respect to PERS above.

As to the third requirement, HCD is a "governmental agency" within the meaning of section 27281.

This leaves the fourth requirement, that is, whether the deed of trust, which conveys an interest in real estate, is for "public purposes." Again as with PERS we apply the plain meaning rule of statutory construction.

It is clear that the financing of low and moderate income housing by the state serves a "public purpose." (See *California Housing Finance Agency* v. *Elliot* (1976) 17 Cal.3d 575, 582-586; *California Housing Finance Agency* v. *Patitucci* (1978) 22 Cal.3d 171.) It has been suggested however, that the execution of the deed of trust itself serves no independent public purpose, but that the "public purpose" is found in the actual loan transaction to the developer.

In our view the "public purposes" requirement in section 27281 is not limited to conveyances of real estate to public agencies for some physical use by the public but would include conveyances which serve the financial purposes of the public agency as well, such as securing the repayment of the loans made by the public agency.

Accordingly, we conclude that HCD's deeds of trust under consideration herein cannot be recorded unless accompanied by a certificate or resolution of acceptance.

\* \* \* \*