84 F.3d 340
 96 Cal. Daily Op. Serv. 3552, 96 Daily Journal
D.A.R. 11,813,
96 Daily Journal D.A.R. 5805
In re James Delbert McCONVILLE, Debtor.
Tevis T. THOMPSON, Jr., Trustee, Plaintiff-Appellee,
v.
David MARGEN; Lawton Associates, Defendants-Appellants.
 No. 95-15122.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted April 9, 1996.
Decided May 21, 1996.
 
 Jay-Allen Eisen, Eisen & Johnston, Sacramento, California, for the defendants-appellants.
 Irving J. Kornfield, Kornfield, Paul & Bupp, Oakland, California, for the plaintiff-appellee.
 Appeal from the United States District Court for the Northern District of California; Fern M. Smith, District Judge, Presiding.
 Before: BROWNING and JOHN T. NOONAN, Jr., Circuit Judges, and MERHIGE,* District Judge.
 OPINION
 NOONAN, Circuit Judge:
 
 
 1
 David Margen and Lawton Associates (the Lenders) appeal a judgment of the district court in favor of Tevis Thompson, Jr., (the Trustee), trustee in bankruptcy of James D. and Clara M. McConville (the Debtors). The judgment held void a deed of trust given by the Debtors to the Lenders after the Debtors had filed for bankruptcy. Applying § 362(a)(4) of the Bankruptcy Code, we affirm the judgment of the district court.
 
 FACTS
 
 2
 The Debtors dealt in distressed real property. On July 8, 1993, the Debtors agreed to purchase from Bayview Federal Bank (Bayview) eight apartments at 725 Elmhurst, Oakland, California (the property) for $122,000. They paid $10,000 down to Bayview, nonrefundable. The closing was set no later than 30 days from July 8. The Debtors counted on funding to be furnished by Robert Kamp. However, Kamp was unable to provide the funds by the closing date. The Debtors obtained an extension to August 13, 1993 and for this extension paid to the Bank an additional nonrefundable $5,000.
 
 
 3
 On July 14, 1993 the Debtors filed a Chapter 11 petition in bankruptcy. There is no evidence in the case that they disclosed this filing to Bayview, Kamp, or Lawton Associates, who had arranged with Kamp for him to make the loan on the property. When Kamp did not come up with the cash, Lawton Associates in conjunction with David Margen (collectively, the Lenders) agreed to make a bridge loan to the Debtors to tide them over till Kamp came through. The Lenders believed that the property was worth more than $122,000. They were told by Kamp that the Debtors' credit was good and that he was looking for other opportunities to lend to the Debtors. The Lenders had no information that the Debtors had already filed for bankruptcy. They did not require a loan statement from the Debtors and had no representation from them as to their assets and liabilities.
 
 
 4
 On August 12 the Debtors executed a note and deed of trust on the property in favor of the Lenders in the principal amount of $107,000. The note was payable in 30 days. The Lenders retained $10,000 of the loan as a fee. With the balance the Debtors acquired the property on August 13, 1993. On the same date the Lenders recorded the trust deed.
 
 PROCEEDINGS
 
 5
 The Debtors' bankruptcy case was converted to a Chapter 7 proceeding on September 13, 1993 and the Trustee was appointed. The Lenders sought relief from the automatic stay to foreclose the deed of trust. The bankruptcy court denied the relief. The Trustee then filed a complaint to void the lien created by the deed of trust as an unauthorized, post-petition transfer, voidable under Bankruptcy Code § 549(a). After hearing, the bankruptcy court held that the Lenders were purchasers in good faith, but that both the execution of the deed of trust and its recordation violated the automatic stay of Bankruptcy Code § 362(a)(4) and that the transfer was not a transfer of real property to a good faith purchaser as provided in the exception created by Bankruptcy Code § 549(c). The bankruptcy court entered judgment for the Trustee, declaring that the Lenders had no lien against the proceeds of the sale of the property.
 
 
 6
 The Lenders appealed to the district court which held that a lender who acquired a lien on real property was not a "purchaser" within the meaning of § 549(c). The judgment of the bankruptcy court was affirmed.
 
 
 7
 The Lenders appeal.
 
 ANALYSIS
 
 8
 The transfer of any interest after the filing of the bankruptcy petition is in literal violation of 11 U.S.C. § 362(a)(4), according to which a petition "operates as a stay, applicable to all entities, of ... any act to create, perfect, or enforce any lien against property of the estate." Section 362(b)(1) through (18) creates explicit exceptions to the automatic stay. No exception is provided for the creating, perfecting or enforcing of a lien obtained by a simple lender to the estate.
 
 
 9
 This prohibition needs to be reconciled with the exception created by § 549(c), according to which:
 
 
 10
 The trustee may not avoid under subsection (a) of this section a transfer of real property to a good faith purchaser without knowledge of the commencement of the case and for present fair equivalent value unless a copy or notice of the petition was filed, where a transfer of such real property may be recorded to perfect such transfer, before such transfer is so perfected that a bona fide purchaser of such property, against whom applicable law permits such transfer to be perfected, could not acquire an interest that is superior to the interest of such good faith purchaser. A good faith purchaser without knowledge of the commencement of the case and for less than present fair equivalent value has a lien on the property transferred to the extent of any present value given, unless a copy or notice of the petition was so filed before such transfer was so perfected.
 
 
 11
 The Lenders argue that a transfer of property occurred because a transfer is "every mode, direct or indirect, absolute or conditional ... of disposing of or parting with property or with an interest in property, including retention of title as a security interest." 11 U.S.C. § 101(54); that they are purchasers, because a purchaser "means transferee of a voluntary transfer," id. § 101(43); and that the bankruptcy court found as a matter of law that they took the transfer in good faith, so they must be good faith purchasers. Consequently, they contend, the deed of trust executed in their favor falls within the exception of section 549(c) and trumps the prohibition of section 362(a)(4). Their argument is not without force but is refuted by our precedents.
 
 
 12
 In In re Schwartz, 954 F.2d 569, 573 (9th Cir.1992) we recognized a conflict that "appears troublesome" between § 549(c) and § 362. It was unnecessary for us to resolve the conflict in In re Schwartz, which decided only that a tax assessment in violation of § 362 was void. Id. at 572. Nonetheless in dicta we ventured to say that the conflict was only apparent because "Section 362's automatic stay does not apply to sales or transfers of property initiated by the debtor." Id. at 574. We cited no authority for this explanation. If it were true, it might decide our case in favor of the Lenders whose deed of trust could be argued to be a transfer of property initiated by the Debtors. We find it, however, not necessary to pass upon the truth of the explanation because under In re Schwartz itself, the Lenders' execution of the deed of trust was not "a transfer of the property."
 
 
 13
 It is long-established California law that deeds of trust are "practically and substantially only mortgages with a power of sale." Bank of Italy v. Bentley, 217 Cal. 644, 657, 20 P.2d 940, cert. denied 290 U.S. 659, 54 S.Ct. 74, 78 L.Ed. 571 (1933). All that execution of a deed of trust accomplishes in California is the creation of a lien in favor of the creditor. St. Angelo v. Victoria Farms, Inc., 38 F.3d 1525, 1534 (9th Cir.1994), modified 46 F.3d 969 (1995), citing Monterey S.P. Partnership v. W.L. Bangham, Inc., 49 Cal.3d 454, 460, 261 Cal.Rptr. 587, 777 P.2d 623 (1989). The mere creation of a lien, we held in In re Schwartz, 954 F.2d at 574, does "not actually transfer the property itself for purposes of section 549." Accord, In re Shamblin, 890 F.2d 123, 127 (9th Cir.1989). Under these precedents, section 549(c) has no application and the automatic stay voids the attempted lien.
 
 
 14
 The Lenders have a fall-back position, arguing that under the second sentence of section 549(c) they have at least "a lien on the property transferred to the extent of any present value given." Their fall-back argument has an equitable appeal but it encounters the same difficulty as their principal contention: the statute refers to "the property transferred," but under In re Schwartz and In re Shamblin no property was transferred. There is, therefore, no property on which the lien of the second sentence of section 549(c) may operate. No transfer was made. The attempted creation of a lien was void.
 
 
 15
 AFFIRMED.
 
 
 
 *
 Honorable Robert R. Merhige, Jr., Senior U.S. District Judge for the Eastern District of Virginia, sitting by designation