MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS
et al.

v.

ROBINSON et al.

No. CV 13–7142 PSG (ASx).

United States District Court,
C.D. California.

Signed Sept. 16, 2014.

John Owen Campbell, Severson and Werson APC, Irvine, CA, Mary Kate Sullivan, Severson and Werson APC, San Francisco, CA, Joann T. Sandifer, Husch Blackwell LLP, St. Louis, MO, for Mortgage Electronic Registration Systems Inc.

Susan M. Murphy, Advocate Legal, Los Angeles, CA, for Robinson et al.

**Proceedings: (In Chambers) Order DENYING Defendants' Motion for Judgment on the Pleadings**

PHILIP S. GUTIERREZ, District Judge.

Before the Court is Defendants' motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. *See* Dkt. # 34. The Court finds the matter appropriate for decision without oral argument. Fed.R.Civ.P. 78(b); L.R. 7–15. Having considered the papers filed in support of and in opposition to the motion, the Court DENIES the motion.

I. *Background*

In February 2005, Defendants Daniel and Darla Robinson ("Defendants") obtained a loan to buy real property ("Property") in Northridge, California. *FAC* ¶¶ 12–13. The loan was secured against the Property by a deed of trust ("Deed of Trust") that was recorded in the Los Angeles County Recorder's Office. *FAC* ¶ 45.

The Deed of Trust identified United Pacific Mortgage as the "Lender" on the loan and Mortgage Electronic Registration Systems, Inc. ("MERS") as "a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns." *FAC* ¶ 47; Exh. 1, p. 2. The Deed of Trust also provided: "MERS is the beneficiary under this Security Instrument." *FAC* ¶ 48; Exh. 1, p. 1; *see also* Exh. 1, p. 3 ("The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS."). The Deed of Trust further provided:

> Borrower [i.e., Defendants] understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

*FAC* ¶ 50; Exh. 1, p. 4.

In January 2012, Defendants filed an action in Los Angeles County Superior

Court to quiet title to the Property, and at the same time recorded a Notice of Lis Pendens with the Los Angeles County Recorder's Office. *FAC* ¶¶ 56–57. The quiet title action identified the Deed of Trust as the basis of claims adverse to Defendants' title. *FAC* ¶ 59. The complaint also expressly pleaded that the note on Defendants' loan was no longer owned by United Pacific Mortgage, but by U.S. Bank National Association, to whom the note had passed by assignment. *FAC* ¶¶ 60, 65. Nevertheless, the complaint named as defendants only United Pacific Mortgage and "persons or entities unknown" claiming any right or interest in the Property adverse to Defendants' claim. *FAC* ¶ 64. MERS was not served with notice of the action. *FAC* ¶ 64.

When United Pacific Mortgage failed to appear and defend the quiet title action, Defendants secured a default judgment for quiet title with an order expunging the Deed of Trust. *FAC* ¶¶ 65–70. Defendants recorded the judgment in the Los Angeles County Recorder's Office. *FAC* ¶ 71.

On September 26, 2013, MERS and its parent company, MERSCORP Holdings, Inc., (collectively, "Plaintiffs") filed the action now before this Court, seeking, *inter alia,* to have Defendants' quiet title judgment set aside. After a motion to dismiss the complaint was granted with leave to amend, Dkt. # 17, Plaintiffs filed a First Amended Complaint, Dkt. # 19, which asserts four claims for relief. First, Plaintiffs seek to have Defendants' quiet title judgment declared void for having been obtained in violation of California's quiet title statutes, which allegedly entitled MERS to be named as a defendant in the quiet title action. Second, Plaintiffs seek a declaratory judgment that the quiet title action violated their due process rights under the United States and California Constitutions. Third, Plaintiffs bring a claim for cancellation of instruments, specifically, the Notice of Lis Pendens and the quiet title judgment that were recorded in the Los Angeles County Recorder's Office. Finally, Plaintiffs claim slander of title.

On May 9, 2014, the Court denied Defendants' motion to dismiss the First Amended Complaint, on the grounds that Defendants had not complied with the Court's meet-and-confer requirements. *See* Dkt. # 29. Defendants now move for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. *See* Dkt. # 34.

## II. *Legal Standard*

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). The standard governing a Rule 12(c) motion for judgment on the pleadings is essentially the same as that governing a Rule 12(b)(6) motion to dismiss. *See Dworkin v. Hustler Magazine, Inc.,* 867 F.2d 1188, 1192 (9th Cir. 1989) (describing the motions as "functionally identical" and noting that their principal difference is one of timing). Thus, on a Rule 12(c) motion, all material allegations of the non-moving party must be accepted as true and construed in the light most favorable to that party, while allegations of the moving party that have been denied are assumed to be false. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,* 896 F.2d 1542, 1550 (9th Cir. 1989); *Sinaloa Lake Owners Ass'n v. City of Simi Valley,* 864 F.2d 1475, 1478 (9th Cir.1989). A Rule 12(c) motion is properly granted if "the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios,* 896 F.2d at 1550. Although detailed factu-

al allegations are not required to survive a motion under Rule 12(b)(6) or Rule 12(c), a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim to relief. *See id.*

## III. *Discussion*

As the Court observed in ruling on Defendants' first motion to dismiss, Plaintiffs' claims are ultimately based on their contention that, under California law, MERS was entitled to be named in Defendants' quiet title action. In the present motion, Defendants continue to dispute that contention and to argue that all Plaintiffs' claims must therefore necessarily fail. Defendants also argue that the Court lacks subject matter jurisdiction over Plaintiffs' claims, that Plaintiffs' lack standing, and that Plaintiffs may not prosecute this action in their own name as a "real party in interest." For the reasons that follow, the Court is not persuaded by Defendants' arguments.

### A. *Whether Plaintiffs Were Entitled To Be Named in the Quiet Title Action*

At the heart of this dispute lies the following question, largely dispositive of the present motion: on the facts as Plaintiffs plead them, were Defendants required by California's quiet title statutes to name MERS as a defendant in the quiet title action? With the benefit of an additional round of briefing on this issue, the Court now concludes they were. The Court no longer subscribes to the analysis set forth in its order granting Defendants' first motion to dismiss. *See* Dkt. # 17; *Mortgage Electronic Registration Systems v. Robinson,* 2014 WL 451666 (C.D.Cal. Jan. 28, 2014).

The purpose of a quiet title action is "to establish title against adverse claims to real or personal property or any interest therein." Cal.Civ.Proc.Code § 760.020; *Walters v. Fid. Mortgage of Cal., Inc.,* 730 F.Supp.2d 1185, 1197 (E.D.Cal.2010) ("The purpose of a quiet title action is to determine 'all conflicting claims to the property in controversy, and to decree to each such interest or estate therein as he may be entitled to.'") (quoting *Newman v. Cornelius,* 3 Cal.App.3d 279, 284, 83 Cal.Rptr. 435 (1970)). Thus, California law requires a quiet title plaintiff to name as defendants those persons "having adverse claims to the title of the plaintiff against which a determination is sought." Cal.Civ.Proc. Code § 762.010. As used in this context, "claim" includes "a legal or equitable right, title, estate, lien, or interest in property or cloud upon title." Cal.Civ.Proc.Code § 760.010; *see also* Law Revision Commission Comments to § 760.010 (noting that "claim" is intended in its broadest possible sense). In addition to persons required to be named as defendants, a quiet title plaintiff may elect to include "all persons unknown" with adverse claims to the property. Cal.Civ.Proc.Code § 762.060(a). Even so, the plaintiff *must* name those persons "having adverse claims that are of record or known to the plaintiff or reasonably apparent from an inspection of the property." Cal.Civ.Proc.Code § 762.060(b).

Here, it is undisputed that the Deed of Trust was recorded and known to Defendants at the time they filed their quiet title action. *Answer* ¶¶ 45–46. The Deed of Trust identifies MERS as "the beneficiary under this Security Instrument." *FAC* ¶ 48. It also provides that "MERS (as nominee for Lender and Lender's succes-

sors and assigns) has the right to ... exercise any or all ... interests" granted under the Deed of Trust, "including, but not limited to, the right to foreclose and sell the Property." *FAC* ¶ 50; Exh. 1, p. 4.

Whatever the full scope of MERS's rights and interests under the foregoing provisions, it can hardly be disputed that by those provisions MERS made some adverse "claim" against Defendants' title. In fact, when considering deeds of trust materially identical to the one at issue here, courts applying California law have regularly held that they authorize MERS to foreclose and sell the subject property. *See, e.g., Gomes v. Countrywide Home Loans, Inc.,* 192 Cal.App.4th 1149, 1157–58, 121 Cal.Rptr.3d 819 (2011); *Pantoja v. Countrywide Home Loans, Inc.,* 640 F.Supp.2d 1177, 1189–90 (N.D.Cal.2009) (collecting cases and noting "courts have been clear" that MERS is authorized by these deeds of trust to conduct foreclosure). At a minimum, this "right of sale provided by the deed of trust is an *interest* in the property." *Yulaeva v. Greenpoint Mortgage Funding, Inc.,* 2009 WL 2880393, at *9 (E.D.Cal. Sept. 3, 2009) (emphasis added). More accurately, it is "effectively a *lien* on the property." *Wal-*

*ters,* 730 F.Supp.2d at 1199 (emphasis added); *Monterey S.P. P'ship v. W.L. Bangham, Inc.,* 49 Cal.3d 454, 460, 261 Cal. Rptr. 587, 777 P.2d 623 (1989) ("In practical effect ... a deed of trust is a lien on the property."). Moreover, Defendants themselves even argue that by the provisions at issue MERS "instantly clouds title." *See Reply* 14:16–21. These considerations are sufficient to satisfy the Court that, under the Deed of Trust, MERS held an adverse "claim" to Defendants' title. *See Yulaeva,* 2009 WL 2880393, at *9 (finding MERS held adverse claim to title under materially identical deed of trust).[1] As this claim was recorded and known to Defendants, they were required to name MERS as a defendant in the quiet title action. Cal.Civ.Proc.Code §§ 762.010, 762.060(b).

Against this conclusion, Defendants argue that MERS was not entitled to be named as a defendant because its purported status as a "beneficiary" under the Deed of Trust is a "fiction." *See Mot.* 13:22–15:15. More specifically, Defendants contend that language in the Deed of Trust identifying MERS as a "beneficiary" contradicts language identifying MERS as "a separate corporation that is acting solely as the nominee for lender and lender's

---

1. A handful of district court decisions assert that the security interest established by a deed of trust does not constitute an adverse claim to a borrower's title. *See, e.g., Hamilton v. Bank of Blue Valley,* 746 F.Supp.2d 1160, 1177 (E.D.Cal.2010); *Vega v. JPMorgan Chase Bank, N.A.,* 654 F.Supp.2d 1104, 1120–21 (E.D.Cal.2009). Those decisions, however, cite without analysis to a single statement from *MacLeod v. Moran,* 153 Cal. 97, 94 P. 604 (1908), repeated in *Lupertino v. Carbahal,* 35 Cal.App.3d 742, 111 Cal.Rptr. 112 (1973), that legal title conveyed to a *trustee* under a deed of trust "carries none of the incidents of ownership of the property other than the right to convey upon default on the part of the debtor...." *MacLeod,* 153 Cal. at 99–100, 94 P. 604; *Lupertino,* 35 Cal.App.3d at 747–48,

111 Cal.Rptr. 112. Notably, this statement does not speak to the rights and interests of a beneficiary or its nominee under a deed of trust, and even as to the trustee it would not seem dispositive, since "the incidents of ownership" are not essential to an adverse "claim" under California's quiet title statutes. *See* Cal.Civ.Proc.Code § 760.010 (" 'Claim' includes a legal or equitable right, title, estate, lien, or interest in property or cloud upon title."). In any event, this Court sees no need here to look beyond the California Supreme Court's much more recent statement that the security interest granted under a deed of trust is "in practical effect ... a lien on the property." *Monterey S.P. P'ship,* 49 Cal.3d at 460, 261 Cal.Rptr. 587, 777 P.2d 623.

successors and assigns" and the fact that MERS was not entitled to the payments owed by the borrower to the lender. Defendants thus contend that, despite express provisions to the contrary, MERS is not truly a "beneficiary" under the Deed of Trust, but instead holds "nominal beneficial status only." *Mot.* 15:12–15.

The first problem with this argument is that MERS's right to be named as a defendant in the quiet title action does not turn on whether it was a "beneficiary" under the Deed of Trust. Rather, it turns on whether MERS had an adverse "claim"— i.e., "a legal or equitable right, title, estate, lien, or interest in [the Property] or cloud upon title"—that was recorded or known to Defendants (or reasonably apparent to them from an inspection of the Property). *See* Cal.Civ.Proc.Code §§ 760.010, 762.060(b). As discussed, the Court concludes that MERS did hold such a claim.

A second problem with Defendants' argument is that one of the two cases they cite for support flatly rejects it. In *Fontenot v. Wells Fargo Bank, N.A.,* 198 Cal. App.4th 256, 129 Cal.Rptr.3d 467 (2011), the California Court of Appeal considered a deed of trust identical in all material respects to the one at issue here, and concluded:

> MERS was the beneficiary under the deed of trust because, as a legally operative document, the deed of trust designated MERS as the beneficiary. Given this designation, MERS's status was not reasonably subject to dispute.

*Fontenot,* 198 Cal.App.4th at 266, 129 Cal. Rptr.3d 467. The *Fontenot* court continued:

> There is nothing inconsistent in MERS's being designated both as the beneficiary and as a nominee, i.e., agent, for the lender. The legal implication of the designation is that MERS may exercise the rights and obligations of a beneficiary of the deed of trust, a role ordinarily afforded the lender, but it will exercise those rights and obligations only as an agent for the lender, not for its own interests. Other statements in the deed of trust regarding the role of MERS are consistent with this interpretation, and there is nothing ambiguous or unusual about the legal arrangement.

*Id.* at 273, 129 Cal.Rptr.3d 467. In the other case cited by Defendants, the California Court of Appeal did not find it necessary to determine whether MERS should be considered a "beneficiary" under the deed of trust, and therefore expressly declined to reach the question. *See Gomes,* 192 Cal.App.4th at 1157 n. 9, 121 Cal.Rptr.3d 819.

Finally, it would make little sense to excuse Defendants' failure to include MERS in the quiet title action on the grounds that Defendants dispute the validity of the interests asserted by MERS in the Deed of Trust—settling such disputes is exactly the point of a quiet title action. *See Walters,* 730 F.Supp.2d at 1197 ("The purpose of a quiet title action is to determine all conflicting claims to the property in controversy, and to decree to each such interest or estate therein as he may be entitled to.") (internal quotations omitted); *Fleishman v. Blechman,* 148 Cal.App.2d 88, 97, 306 P.2d 548 (1957) (observing that quiet title action is proper type of action "to determine the validity of any adverse claims based upon asserted trusts").

For these reasons, the Court rejects Defendants' contention that they were not required to name Plaintiffs as defendants in the quiet title action and that Defendants are therefore entitled to judgment as a matter of law on all Plaintiffs' claims.

### B. *Whether the Court Lacks Subject Matter Jurisdiction*

■ Defendants argue that they are also entitled to judgment as a matter of

law because the Court lacks subject matter jurisdiction over Plaintiffs' claims. *Mot.* 8:5–13:19. Plaintiffs have asserted both diversity and federal question jurisdiction, the latter based on their procedural due process claim under the United States Constitution. *See FAC* ¶¶ 5–6, 95–101.

As a general matter, Defendants' arguments on this issue suffer from a lack of explanation and authority. They first assert, for instance, that Plaintiffs could have sought relief in the quiet title action by filing a motion for relief from judgment under Cal. Civil Code § 473(b) or a motion to set aside a void judgment under Cal. Civil Code § 473(d). *Mot.* 8:10–9:22. They point to the date the quiet title judgment was entered—April 17, 2013—and the date this case was filed—September 26, 2013—as evidence that Plaintiffs were aware of the judgment in time to meet the six-month statutory period for filing such motions. *Id.* at 8:12–19. But even assuming these assertions are true, Defendants do not explain how the availability of these state-court remedies precludes this Court from exercising diversity jurisdiction, the existence of which Defendants do not question. Nor do Defendants cite any authority that might provide that explanation. Accordingly, the Court is not persuaded.

█ In the same vein, Defendants assert that Plaintiffs' due process claim is not ripe because Plaintiffs declined to take advantage of the aforementioned post-judgment motions (and the right to appeal an adverse ruling on such a motion). *Mot.* 10:1–11:2. But again, Defendants offer next to nothing in the way of explanation— and zero in the way of authority. It is not self-evident to the Court that a litigant's decision to forego these state-court remedies renders a procedural due process claim unripe, particularly since the Ninth Circuit has held that, at least in some circumstances, it is not necessary to exhaust available state remedies before pursuing a procedural due process claim in federal court. *See Sinaloa Lake Owners Assn. v. City of Simi Valley,* 864 F.2d 1475, 1481 (9th Cir.1989) (holding plaintiffs were not required to seek relief in state court for alleged violation of their right to procedural due process). Despite Plaintiffs' repeated citation to that holding in their opposition papers, *see Opp.* 24:13–24:24, Defendants' reply papers ignore it. Thus, again, the Court is not persuaded.

█ Finally, Defendants argue that Plaintiffs' claims essentially seek appellate review of the quiet title action and, therefore, this Court lacks jurisdiction under the *Rooker–Feldman* doctrine. *Mot.* 11:3–13:19. Under that doctrine, a district court does not have subject matter jurisdiction to hear a direct appeal from a final judgment of a state court. *See Noel v. Hall,* 341 F.3d 1148, 1155 (9th Cir.2003). The doctrine also forbids "de facto" appeals of state court decisions. *Id.* at 1158. But *Rooker–Feldman* is not applicable when "the party against whom the doctrine is invoked was not a party to the underlying state-court proceeding." *Lance v. Dennis,* 546 U.S. 459, 464, 126 S.Ct. 1198, 163 L.Ed.2d 1059 (2006) (internal quotations omitted). Because Plaintiffs were not a party to the quiet title action, *Rooker–Feldman* is inapplicable here.

The Court thus rejects Defendants' contention that a lack of subject matter jurisdiction entitles them to judgment as a matter of law on Plaintiffs' claims.

### C. *Whether Plaintiffs Have Standing*

Defendants also argue that they are entitled to judgment as a matter of law because Plaintiffs have not alleged an "actual injury" sufficient to confer Article III standing. *Mot.* 15:16–17:8. Noting that Plaintiffs have not alleged a right to mone-

tary payments under the Deed of Trust, Defendants argue that Plaintiffs' allegation of projected business losses and the loss of a bargained-for security interest in the Property are not sufficient to support standing. The Court disagrees.

To have Article III standing, "a plaintiff must adequately establish: (1) an injury in fact (i.e., a 'concrete and particularized' invasion of a 'legally protected interest'); (2) causation (i.e., a 'fairly ... trace[able]' connection between the alleged injury in fact and the alleged conduct of the defendant); and (3) redressability (i.e., it is 'likely' and not 'merely speculative' that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit)." *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273–74, 128 S.Ct. 2531, 171 L.Ed.2d 424 (2008) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)).

■ Here, Plaintiffs have alleged that, if the quiet title judgment is not set aside, note owners who use MERS's service to stay informed of matters affecting their security interests "will cease using MERS ..., causing plaintiffs to lose significant transaction fees and revenues." *FAC* ¶ 82. Defendants appear to suggest that this alleged injury is too vague or speculative. *Mot.* 16:3–21. But especially since on the present motion all material allegations of the non-moving party must be construed in the light most favorable to that party, *Sinaloa Lake*, 864 F.2d at 1478, the Court finds this allegation sufficient to establish an injury in fact for purposes of standing. *See Mortgage Electronic Registration Systems, Inc. v. Bellistri*, 2010 WL 2720802, at *16 (E.D.Mo. July 1, 2010) (finding on summary judgment that tax sale conducted without notice to MERS threatened its fundamental business model and created realistic danger that it would lose customers).

Beyond allegations of injury to Plaintiffs' general business model, however, the Court finds that Plaintiffs have sufficiently alleged an injury in fact with regard to their interest in the Property. As discussed, regardless of whether MERS is determined to be a "beneficiary" under the Deed of Trust, MERS obtained the power to foreclose and sell the Property—i.e., a lien—which is a "legally protected interest." *See Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 590, 55 S.Ct. 854, 79 L.Ed. 1593 (1935) (observing that right to enforce lien through power of sale is a "substantive right[ ] in specific property"). In addition, there appears to be no dispute that, as provided in the Deed of Trust, MERS at least held "legal title" to the security interests granted under that instrument. *See FAC* ¶ 50 ("Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument...."). The Supreme Court has indicated that bare legal title to a claim for payment is itself a property right, the loss of which will support Article III standing, even where the party asserting the loss holds no beneficial interest in the claim for payment. *See Sprint*, 554 U.S. at 285–89, 128 S.Ct. 2531 (holding assignee of a legal claim for money owed has standing to pursue that claim in federal court, even if the assignee has promised to remit all proceeds of the litigation to the assignor). As the quiet title judgment deprived MERS of these legally protected interests, and granting the relief sought by Plaintiffs would restore them, the Court finds that Plaintiffs' allegations support Article III standing. *See Lujan*, 504 U.S. at 560–61, 112 S.Ct. 2130.

### D. *Whether Plaintiffs Are a "Real Party in Interest"*

Finally, the Court rejects Defendants' argument that Plaintiffs cannot bring this suit in their own name because they are

not a "real party in interest" under Rule 17 of the Federal Rules of Civil Procedure. *See Mot.* 16:23–17:8. Rule 17 requires that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R.Civ.P. 17(a)(1). The Ninth Circuit has observed that this requirement "is designed to ensure that lawsuits are brought in the name of the party possessing the substantive right at issue." *Klamath–Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau,* 701 F.2d 1276, 1282 (9th Cir. 1983). As should be clear from the analysis of the foregoing issues, this suit is premised on—and seeks to redress injury to—MERS's own substantive rights and interests under the Deed of Trust. Accordingly, Plaintiffs are entitled to prosecute this action in their own name as a "real party in interest" under Rule 17.

## IV. *Conclusion*

For the foregoing reasons, the Court finds that Defendants have failed to establish they are entitled to judgment as a matter of law on Plaintiffs' claims. *See Hal Roach Studios,* 896 F.2d at 1550. Accordingly, Defendants' motion for judgment on the pleadings is DENIED.